JOHN RANDOLPH, Respondent, v. TOWN OF BROOKHAVEN et al., Respondents, and WILLIAM M. JOHNSON et al., Appellants.— In an action to (1) declare as unconstitutional, illegal and void, zoning amendments by the Town of Brookhaven to its zoning ordinance and zoning map, which amendments enacted on or about December 21, 1971, changed the zoning of the subject premises from B-1 Residence (single family dwelling) to MF-2 Residence

(multiple family dwelling); and (2) to enjoin defendants from proceeding with the erection of any structures or the development of the subject parcel for any purpose other than that permitted in a B-1 zoning district, and from issuing any permits or licenses in connection therewith, defendants Johnson, Dresner and Kaufman & Broad Homes of Long Island, Inc., appeal from a judgment of the Supreme Court, Suffolk County, entered September 19, 1973, which after a nonjury trial, adjudged the amendments unconstitutional, illegal and void in all respects and granted the injunctive relief requested. Judgment reversed, on the law and the facts, without costs, and the subject zoning amendments are declared to be lawful and constitutional. The subject parcel, now rezoned from single family to multifamily residential usage, is 24 acres, and is located south of Sunrise Highway between Robinson Avenue and Brookhaven Hospital Road. The parcel is landlocked except for a 76-foot access to Sunrise Highway, a 75-foot access to Brookhaven Hospital Road and a 50-foot access to Foxcroft Lane. Adjoining the parcel on northwest is an 80-unit garden apartment complex. The southeast corner of Sunrise Highway and Brookhaven Hospital Road is zoned for gas station usage. To the immediate south is a rapidly growing 300-bed hospital. To its south is a parcel zoned for nursing home use. Further south is a medical office building. The northeast section of the Sunrise Highway and Hospital Road intersection had been rezoned for business and MF-1 and planned retirement community according to Exhibit M in evidence, a map showing the zoning as of May 7, 1973. Thus, we find unnecessary and unwarranted the taking of judicial notice (as requested of us by appellants) of the resolution and documents relating to the Wolowitz rezoning. The evidence establishes the existence of a comprehensive town plan to make the subject areas transition or buffer zones between the single family residential usages and the interconnecting highway and hospital and medical usages (see *Udell* v. *Haas*, 21 N Y 2d 463). Plaintiff did not overcome the strong presumption of validity attaching to the zoning amendment under attack (*Rodgers* v. *Village of Tarrytown*, 302 N. Y. 115). Martuscello, Acting P. J., Latham, Brennan and Munder, JJ., concur; Cohalan, J., not voting.